# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dylan Batten,**
**Defendant Below, Petitioner**

**FILED**

**October 4, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 12-1354** (Monongalia County 12-M-AP-12)

**City of Morgantown,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dylan Batten, appearing *pro se*,[1] appeals a final order of the Circuit Court of Monongalia County, entered October 10, 2012, that found him guilty following a trial de novo on a misdemeanor charge of driving against traffic on a one-way street in violation of West Virginia § 17C-7-8(b). Respondent City of Morgantown, by counsel Thomas W. Rodd, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the decision is reversed and this case is remanded for further proceedings. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

At approximately 10:06 p.m. on January 12, 2012, Officer Jason Ammons of the Morgantown, West Virginia, Police Department executed a traffic stop on petitioner for driving against traffic on a one-way street. The circuit court made the following findings of fact:

> 1. [Petitioner] testified that he was in the parking lot adjacent to and behind Daniel's store in downtown Morgantown. He was attempting to exit the parking lot onto Fayette Street.

> 2. [Petitioner] further testified that he did not know that Fayette Street was a one-way street.

> 3. Officer Ammons testified that he was patrolling in the downtown Morgantown area and was travelling on Fayette Street. He observed [petitioner] waiting to exit the parking lot with his turn signal on, indicating that he was going to turn the wrong way on Fayette. Officer Ammons continued to observe [petitioner] and

---

[1] While petitioner appears *pro se*, he is a law student.

1

[petitioner] changed his turn signal to indicate travelling the correct direction on Fayette. Finally, Officer Ammons observed [petitioner] pull onto Fayette Street and drive the wrong way on this one-way street and turn right onto Chestnut Street.

4. Officer Ammons further testified that he went around the block and stopped [petitioner] near the Book Exchange.

5. [Petitioner] admits that he traveled the wrong way on Fayette Street, but maintains that he was confused regarding the proper direction to turn and did not intentionally drive the wrong way. [Petitioner] also testified that the street was not adequately designated and signposted as a one-way street.

6. There are two exits from the subject parking lot onto Fayette Street. There is a One-Way traffic sign posted across from one of the exits, but not the one [petitioner] was leaving from. The sign [at the exit petitioner did not use] is bent and difficult to read.

Petitioner was originally found guilty by the City of Morgantown Municipal Court which imposed a fine of $25, plus court costs. Petitioner appealed to the circuit court which conducted a trial de novo on September 20, 2012. Following trial, the circuit court concluded that the testimony of Officer Ammons and petitioner "sufficiently supports that [petitioner] is guilty of the offense of driving against traffic under West Virginia § 17C-7-8(b)," a misdemeanor.[2] The circuit court adopted the penalty originally imposed by the Municipal Court, a fine of $25, plus court costs. Petitioner now appeals the circuit court's October 10, 2012 final order.

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and

---

[2] West Virginia § 17C-7-8 provides, in pertinent part, as follows:

(a) The Commissioner of Highways may designate any highway or any separate roadway under its jurisdiction for one-way traffic *and shall erect appropriate signs giving notice thereof.*

(b) Upon a roadway designated and *signposted* for one-way traffic a vehicle shall be driven only in the direction designated.

The relevance of the italicized language will be shown *infra*.

the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner argues that Subsection (a) of West Virginia § 17C-7-8 requires that "appropriate signs giving notice" of a one-way street "shall" be posted and if appropriate signs are not posted, a defendant cannot be found guilty of violating subsection (b) as a matter of law. Respondent counters that whether an appropriate sign was posted in the case at bar constitutes a factual question that the circuit court resolved against petitioner. However, the circuit court's findings that the existing one-way sign was not posted nearest to the exit petitioner used to pull onto Fayette Street and that the existing sign was "bent and difficult to read" do not appear to lend factual support to its judgment of guilt.

In finding petitioner guilty of violating subsection (b) of West Virginia § 17C-7-8, the circuit court noted that the Legislature can dispense with the element of intent in a statutory offense if it does so expressly.[3] The circuit court's discussion of whether intent was a required element reflects an implicit finding that petitioner's testimony was credible as to whether he was confused regarding the proper direction to turn. Respondent acknowledges that the evidence was inconclusive and does not dispute that the circuit court found that petitioner was honestly confused regarding the proper direction to turn. Credibility determinations made following a bench trial are entitled to great deference. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact."). Therefore, this Court accepts respondent's concession that petitioner was honestly confused.[4]

At two different points of the trial, petitioner argued to the circuit court that "[respondent] failed to meet its burden of posting notice" and that "the markings provided at the intersection [were] inadequate" to give appropriate notice of the one-way street. West Virginia Code § 17C-3-4(c) provides, in pertinent part, that "[n]o provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person." West Virginia § 17C-7-8 is part of Chapter 17C of the Code. Therefore, this Court finds that the circuit court's failure to discuss West Virginia Code § 17C-3-4(c) constitutes an abuse of discretion. *See Banker v. Banker,* 196 W.Va. 535, 548, 474 S.E.2d 465, 478 (1996) (an abuse of discretion can be found when a relevant factor that should

---

[3] *See* Syl. Pt. 7, *State v. McCraine*, 214 W.Va. 188, 588 S.E.2d 177 (2003) (Internal quotations and citations omitted.).

[4] See Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

have been given significant weight is not considered).

For the foregoing reasons, we reverse the decision of the Circuit Court of Monongalia County and remand this case with directions to reevaluate the evidence in light of West Virginia Code § 17C-3-4(c).[5]

Reversed and Remanded with Directions.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] In its order, the circuit court indicated that petitioner also violated West Virginia Code § 17C-7-8(b)'s matching provision in the City of Morgantown Municipal Traffic Code, § 337.08(a). Therefore, the circuit court is also directed to consider West Virginia Code § 17C-2-8(c) which provides, in pertinent part, that no local ordinance designating a highway as a one-way highway shall be effective "until signs giving notice of such local traffic regulations are posted upon or at the entrance to the highway or part thereof affected as may be most appropriate."

4